UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| SCOTT REINERS,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 3:26-CV-03022-ECS<br><br>ORDER DENYING MOVANT'S MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND MOTIONS TO APPOINT COUNSEL |

Movant Scott Reiners filed a pro se Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Doc. 6. He also moves to proceed without prepayment of fees. Doc. 7. Under the advisory committee's notes to Rule 3 of the Rules Governing § 2255 Proceedings, "[t]here is no filing fee required of a movant under these rules." Because Reiners is not required to pay a filing fee to proceed with a § 2255 motion at the district court level, his Motion to Proceed Without Payment of Fees, Doc. 7, is denied as moot.

Reiners also moves for the appointment of counsel. Docs. 2, 9. "[T]here is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (citation omitted); see also Baker v. United States, 334 F.2d 444, 447 (8th Cir. 1964) (citations omitted). Appointment of counsel in a habeas case is addressed in 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) and 8(c), Rules Governing Section 2255 Cases in United States District Courts. When no evidentiary hearing is necessary, appointing counsel is discretionary. Hoggard, 29 F.3d at 471 (citation omitted). "In exercising its discretion, the district court should consider the legal

complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id. (citation omitted).

Reiners has adequately presented his facts and argument to the Court at this stage. The Government has not yet responded, and it is not known whether an evidentiary hearing is necessary in this case. Accordingly, this Court exercises its discretion to not appoint counsel at this time. See Hardiman v. United States, No. 4:23-CV-04202-KES, 2023 WL 8717353, at *1 (D.S.D. Dec. 18, 2023) (exercising discretion to not appoint counsel when § 2255 motion was at initial stages, Government had not responded, and it was not yet known whether an evidentiary hearing was necessary).

Accordingly, it is

ORDERED that Reiners's Motion to Proceed Without Payment of Fees, Doc. 7, is denied as moot. It is further

ORDERED that Reiners's Motions for Court Appointed Counsel, Docs. 2 and 9, are denied at this time.

DATED this 18 day of August, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE